**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 11-cv-01267-REB

ALFRED JAY ADAMSON,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

**ORDER REVERSING DISABILITY DECISION
AND DIRECTING AWARD OF BENEFITS**

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#1],[1] filed May 12, 2011, seeking review of the Commissioner's decision denying plaintiff's claims for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.*[2] I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I reverse the decision and direct an award of benefits in plaintiff's favor.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff alleges that he is disabled as a result of borderline intellectual functioning, simple type schizophrenia, and/or a borderline personality disorder. In the

---

[1] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

[2] Plaintiff also filed several claims for supplemental security income benefits which are not at issue in this appeal.

protracted and byzantine procedural history of this case, plaintiff filed no less than nine applications for disability insurance and/or supplemental security income benefits between February 1978 and June 1991, all of which were denied at the administrative level and not appealed. Plaintiff filed yet another application in March 1993, which ultimately resulted in the reopening of his June 1991 application and a determination that plaintiff was disabled as of November 3, 1988.

Plaintiff appealed that decision to the extent it refused to reopen any of the earlier applications, and the district court remanded the case for further proceedings. Following remand, an ALJ determined that plaintiff was disabled as of January 13, 1983. She also found that he had established good cause for failing to timely appeal his three earliest applications and directed the Social Security office "to take the action which would have been appropriate had the claimant filed timely requests for reconsideration on those initial determinations."  (Tr. 816.)

After these applications were denied on reconsideration, plaintiff requested a hearing before an administrative law judge. This hearing was held on August 8, 2008. At the time of the hearing, plaintiff was 49 years old. He has a high school education. For purposes of the time period under consideration, he had no past relevant work experience and had not engaged in substantial gainful activity at any time.

The ALJ found that plaintiff was not disabled between February 14, 1978, and January 12, 1983, and therefore not entitled to disability insurance benefits for this period of time. Although the medical evidence established that plaintiff suffered from severe mental impairments, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ

found that plaintiff had the residual functional capacity to perform a full range of work at all exertional levels limited to simple, unskilled work. Using the Commissioner's Medical-Vocational Guidelines (the "Grids") as a framework for decision, the ALJ concluded that a finding of "not disabled" was indicated. He therefore found plaintiff not disabled at step five of the sequential evaluation. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his physical and/or mental impairments preclude him from performing both his previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." **Campbell v. Bowen**, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. **See Kelley v. Chater**, 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f). *See also Williams v. Bowen* 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is

supported by substantial evidence. *Hamilton v. Secretary of Health and Human Services*, 961 F.2d 1495, 1497-98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown*, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. *Hedstrom v. Sullivan*, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. *Id.*

### III.  LEGAL ANALYSIS

Plaintiff posits a number of ways in which he contends the ALJ erred in finding that he was not disabled during the period of time under consideration on this appeal. I agree that the ALJ erred, though not for the particular reasons cited by plaintiff. Instead, I find and conclude that the ALJ failed to follow the law of this case, which here dictates that plaintiff was disabled during the time period under consideration. I therefore direct an award of benefits in his favor.

Plaintiff argues that the ALJ erred by failing to accord proper weight to the opinion of Dr. Michael Schmidt. Dr. Schmidt testified regarding his review of the medical evidence and examination of plaintiff at a November 30, 1995, administrative

hearing on one of plaintiff's applications for supplemental security income benefits. He concluded that plaintiff was presumptively disabled as a result of borderline personality disorder, which had existed since childhood. (*See* Tr. 478-490, 519-540.) The ALJ rejected this opinion in favor of that of a consultative examiner, Dr. James Wansrath, who concluded that plaintiff could do simple tasks that required only routine contact with the public, peers, and supervisors. (Tr. 1136-1138.)

I agree with plaintiff that the reasons given by the ALJ for affording Dr. Schmidt's opinion no weight do not bear scrutiny and infected the remainder of his disability decision.[3] If that were the extent of the error, I most likely would feel compelled to remand this decision for yet further administrative proceedings to allow the ALJ to reevaluate the voluminous evidence of record in this case under the proper standards. However, it is not, for the ALJ committed an even larger, and more determinative error in failing to adhere to the law of the case.

"The law of the case doctrine prevents the relitigation of the settled issues in a case, thus protecting the settled expectations of the parties, ensuring uniformity of decision, and promoting judicial efficiency." ***Nelson v. Astrue***, 2009 WL 2338113 at *3 (D. Colo. July 27, 2009) (citation and internal quotation marks omitted). In this case, the

---

[3] The ALJ said he rejected this opinion because (1) it had been solicited by plaintiff's attorney; (2) Dr. Schmidt had no longitudinal relationship with plaintiff; and (3) the opinion was rendered 14-17 years after the relevant time period. None of these reasons, either alone or collectively, justifies discounting a medical source opinion. *See Hinton v. Massanari*, 13 Fed. Appx. 819, 824 (10th Cir. 2001) (ALJ "may not automatically reject" medical opinion solicited by counsel "for that reason alone"); ***Davis v. Astrue***, 2010 WL 3835828 at *4 (D. Colo. Sept. 23, 2010) (discrediting opinion of examining source as being based on one-time examination while simultaneously adopting opinion of non-examining source is "particularly curious, perhaps even disingenuous"). Moreover, all three of these reasons apply with equal if not greater force to Dr. Wanswrath's opinion, except in this instance he had been solicited by the Commissioner to give an opinion, had *never* examined plaintiff personally, and rendered his opinion *30 years* after the fact. None of the other reasons cited by the ALJ are borne out by the record, either. (*See* Tr. 794-795.)

Commissioner had already determined that plaintiff had the severe impairment of borderline personality disorder. (Tr. 816.) The ALJ in the present appeal did not mention or consider this impairment at all in his findings, essentially concluding that no such impairment existed. This itself constituted reversible error. *See id*. at *4 (noting that "the ALJ was not free to reverse course on this issue, essentially negating the earlier finding").[4]

Moreover, had the ALJ properly considered this impairment, he could not have based his decision solely on the opinion of Dr. Wansrath, who did not acknowledge or consider this impairment, either. Instead, he would have been required at least to consider Dr. Schmidt's opinion that plaintiff's borderline personality disorder was both disabling and life-long. (Tr. 478–480, 482, 487, 489524-530, 536-540.) No other evidence in the record – including Dr. Wansrath's report – contradicts this opinion.[5] The ALJ's conclusion that plaintiff was not disabled therefore is not only not supported by substantial evidence but actually contradicted by the evidence.

If ever a case existed calling for the appropriate exercise of my discretion to direct an award of benefits, this is that case. *See Nielson v. Sullivan*, 992 F.2d 1118, 1122 (10th Cir. 1993). As the ALJ himself noted, "it is unconscionable that the legal

---

[4] Nor is this a case in which any of the "exceptionally narrow" exceptions apply that would justify a deviation from the law of the case doctrine. *See Nelson*, 2009 WL 2338113 at *4 (citing *Huffman v. Saul Holdings Limited Partnership*, 262 F.3d 1128, 1133 (10th Cir. 2001)) (noting that court may depart from the law of the case only "(1) when the evidence in a subsequent trial is substantially different; (2) when controlling authority has subsequently made a contrary decision of the law applicable to such issues; or (3) when the decision was clearly erroneous and would work a manifest injustice") (citation and internal quotation marks omitted).

[5] Indeed, the prior ALJ gave Dr. Schmidt's opinion "the greatest weight" of all the many medical opinions of record. (Tr. 815.)

system has allowed this matter to fester for over 30 years without a definitive resolution. . . . The evidence is now extremely stale and efforts to verify ambiguities are impractical." (Tr. 796.) **See Salazar v. Barnhart**, 468 F.3d 615, 626 (10th Cir. 2006) (length of time the matter has been pending relevant factor in determining whether to direct award of benefits). The ALJ was openly and unabashedly hostile to plaintiff's applications. (**See** Tr. 796 ("If not constrained by the law of the case, it would be appropriate to re-open the determinations and find that the evidence does not support disability during many of the periods previously assessed.").) But the Commissioner already has found plaintiff presumptively disabled by a severe mental impairment that the uncontroverted evidence demonstrates has afflicted him since earliest childhood. Under these circumstances, a remand would serve only to further delay an award of benefits to which plaintiff clearly is entitled.

## IV. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **REVERSED**;

2. That **JUDGMENT SHALL ENTER** in favor of plaintiff and against the Commissioner;

3. That the Commissioner is **DIRECTED** to award plaintiff benefits from February 14, 1978, through January 12, 1983; and

4. That plaintiff is **AWARDED** his costs, to be taxed by the clerk of the court pursuant to **FED. R. CIV. P**. 54(d)(1) and **D.C.COLO.LCivR** 54.1, and as permitted by 28

U.S.C. § 2412(a)(1).

Dated September 25, 2012, at Denver, Colorado.

**BY THE COURT:**

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge